IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Harrison Daniel Vance, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 8:19-cv-191-TMC |
| v. | ) |
| | ) **ORDER** |
| Jana Nelson and Rhonda Currenton, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On February 5, 2019, the magistrate judge entered an Order alerting Plaintiff that his complaint was subject to dismissal for failure to state a claim and allowing Plaintiff fourteen days to correct the deficiencies. (ECF No. 12). Plaintiff subsequently filed an Amended Complaint. (ECF No. 14). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case with prejudice and without issuance and service of process. (ECF No. 19). Plaintiff was advised of his right to file objections to the Report. *Id.* at 6. However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 19), which is incorporated herein by reference. Accordingly, the case is **DISMISSED *with prejudice*** [*] and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 19, 2019

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] In the Order at docket entry 12, the magistrate judge notified Plaintiff that his complaint was subject to dismissal for failure to state a cognizable claim for relief and allowed Plaintiff fourteen days to cure the deficiencies. (ECF No. 12). The magistrate judge specifically warned Plaintiff that failure to cure the deficiencies identified in that Order would result in the magistrate judge recommending dismissal *with prejudice*. *Id.* at 5. While Plaintiff subsequently filed an amended complaint, the amended complaint did not cure the deficiencies identified in the Order at docket entry 12. Accordingly, because the magistrate judge gave Plaintiff an opportunity to amend and alerted Plaintiff of the consequences of not curing the deficiencies and because those deficiencies have not been cured by the amended complaint, the court finds dismissal *with prejudice* appropriate.